IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03331-BNB

ROBERT D. GANDY,

    Plaintiff,

v.

TOM CLEMENTS, Director, Colorado Department of Corrections,
STEVE SMITH, Director, Colorado Correctional Industries,
JERRY BARBER, Teacher II, Arkansas Valley Correctional Facility,
RICK MARTINEZ, Programs Manager, Arkansas Valley Correctional Facility,'
STEVE HARTLEY, Warden, Arkansas Valley Correctional Facility, and
ANGEL MEDINA, Warden, Fremont Correctional Facility,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Robert D. Gandy, is in the custody of the Colorado Department of Corrections (DOC) and is incarcerated currently at the Fremont Correctional Facility (FCF) in Canón City, Colorado. Mr. Gandy initiated this action by filing a Prisoner Complaint asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. Mr. Gandy has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    The Court will construe the complaint liberally because Mr. Gandy is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for **pro se** litigants. **See Hall**, 935 F.2d at 1110. The Court has reviewed the complaint and has determined that it is deficient. For the reasons

discussed below, Mr. Gandy will be ordered to file an amended complaint.

Mr. Gandy, a Canadian National, alleges in his Complaint that while he was incarcerated at the Arkansas Valley Correctional Facility (AVCF) for nine years, his telephone calls to the Canadian Consulate were not treated as privileged, non-monitored legal telephone calls.  By contrast, his written correspondence with the Canadian Consulate was treated as privileged legal correspondence.  Mr. Gandy further alleges that Defendant Barber verbally attacked him one day for no apparent reason, and threatened to remove Plaintiff from his prison job assignment and transfer him to a different facility.  Plaintiff filed a grievance against Defendant Barber, which he attempted unsuccessfully to resolve in a meeting with Defendants Barber and Major Martinez, Barber's supervisor.  Mr. Gandy states that he was enrolled in a U.S. Department of Labor apprenticeship program and should not have been transferred, except for security reasons, but he nonetheless was transferred to FCF approximately two months after filing the grievance.  Plaintiff alleges that the Canadian Consulate wrote to Defendant Hartley to advise him that Plaintiff should not be retaliated against for filing grievances, but Hartley approved the transfer.

Mr. Gandy further alleges that upon his arrival at FCF, a non-ADA compliant DOC facility, he was denied prison employment, which affected his access to prison programs and services, and impacted his ability to earn time credits against his sentence. He challenges Defendant Medina's prison regulations concerning inmate employment at FCF.  Mr. Gandy further alleges that FCF inmates have no means to contact prison guards from their cells to notify them of a medical emergency.  Instead, the inmates must wait for a guard to walk by and assist them.  He alleges that he

suffered a medical emergency in July 2012 and was in extreme pain for approximately 45 minutes before prison staff walked by his cell and assisted him. In the Complaint, Mr. Gandy seeks injunctive and monetary relief.

The Complaint is deficient because Mr. Gandy fails to allege facts demonstrating that each of the named Defendants participated in a deprivation of his constitutional rights. Personal participation by the named defendants is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976); **Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993); **see also Dodds v. Richardson**, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 [or *Bivens*] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting **Rizzo v. Goode**, 423 U.S. 362, 371 (1976)). A supervisor defendant, such as Tom Clements, the Executive Director of the Colorado Department of Corrections, or Steve Smith, the Director of Colorado Correctional Industries, cannot be held liable merely because of his supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983). This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional

3

violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). The factual allegations against Defendants Clements and Smith are insufficient to hold those defendants liable under § 1983. It is unclear whether Plaintiff is challenging the promulgation of DOC AR 850-12, or merely the manner in which it is implemented. Furthermore, Plaintiff does not assert any factual allegations against Defendant Smith in the body of the Complaint.

Plaintiff's claims against Defendant Medina are deficient because state prison regulations concerning prison employment do not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Penrod v. Zavaras*, 94 F.3d 1399, 1407 (10th Cir. 1996) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Similarly, denying a Colorado prisoner the opportunity to earn time credits against his sentence does not implicate a state-created liberty interest. *See Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006); *Templeman v. Gunter*, 16 F.3d 367, 370 (10th Cir. 1994). In addition, Plaintiff does not allege specific facts to show that Defendant Medina was involved personally in any delay in providing adequate medical care, so as to implicate the FCF Warden in a violation of Plaintiff's Eighth Amendment rights. *See Farmer v.* Brennan, 511 U.S. 825, 847 (1994); *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005).

Finally, Plaintiff alleges that FCF is a non ADA-compliant facility and makes related allegations, but he does not allege specifically that he is a person with a disability, nor does he asserts a separate claim for relief under Title II of the Americans with Disabilities Act. *See* 42 U.S.C. § 12132 (prohibiting public entities from

discriminating against qualified individuals with a disability in the availability of services, programs, or activities).  If Plaintiff intends to assert an ADA claim, he should do so expressly in the amended complaint.  Accordingly, it is

ORDERED that Plaintiff, Robert D. Gandy, **within thirty (30) days from the date of this Order,** shall file an amended complaint that complies with the directives in this Order.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint that complies with this Order within the time allowed, some of the Defendants will be dismissed without further notice.

DATED January 22, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland  
United States Magistrate Judge