IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03331-MSK-MJW

ROBERT D. GANDY,

Plaintiff,

v.

RICK RAEMISCH, Director, Colorado Department of Corrections, in his official capacity,
JERRY BARBER, Teacher II, Arkansas Valley Correctional Facility,
RICK MARTINEZ, Programs Manager, Arkansas Valley Correctional Facility, and
STEVE HARTLEY, Warden, Arkansas Valley Correctional Facility,

Defendants.

## RECOMMENDATION ON
## DEFENDANT RAEMISCH'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(B)(6) AND JOINDER IN THE MOTION TO DISMISS FILED BY DEFENDANTS MARTINEZ AND HARTLEY
### (Docket No. 63)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 19) issued by Chief Judge Marcia S. Krieger on April 10, 2013.

This matter was commenced on December 1, 2013 (Docket No. 1). On May 20, 2013, Defendants Martinez and Hartley filed a Motion to Dismiss (Docket No. 25). At the time the motion was filed, Defendant Clements had not been served. On May 28, 2013, the court entered a Show Cause Order (Docket No. 27) directing plaintiff to show cause as to why Defendant Clements should not be dismissed for failure to serve him.

On July 12, 2013, the court entered an Order (Docket No. 45) granting plaintiff's request to substitute Defendant Raemisch in place of Defendant Clements. The court

2

amended the previous Order to Show Cause (Docket No. 27) accordingly. On July 22, 2013, a waiver of service (Docket No. 49) was filed on behalf of Defendant Raemisch.

On August 21, 2013, the court entered a Recommendation (Docket No. 56) on Defendants Martinez and Hartley's Motion to Dismiss (Docket No. 25). As is relevant to the subject motion, the court recommended that Claim One be dismissed with prejudice because it is barred by the applicable statute of limitations.

The only claim brought against Defendant Clements (now Defendant Raemisch) is Claim One. Defendant Raemisch has filed a joinder (found in the subject motion) in Defendants Martinez and Hartley's Motion to Dismiss (Docket No. 25). The court's Recommendation (Docket No. 56) as to the dismissal of Claim One applies to Defendant Raemisch in the same manner as it does to Defendants Martinez and Hartley. The court will not repeat its recommendation here. As to the additional argument for dismissal of Claim One put forth in the subject motion, the court recommends, for reasons of judicial economy, that it be denied without prejudice at this time.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Defendants Raemisch's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(6) (Docket No. 63) be **GRANTED IN PART AND DENIED IN PART.** The motion should be **GRANTED** insofar as Claim One should be dismissed as against Defendant Raemisch for the same reasons set forth in the court's previous Recommendation (Docket No. 56). The motion should be **DENIED WITHOUT**

3

**PREJUDICE** as to the additional argument put forth in the subject motion.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: October 9, 2013      s/ Michael J. Watanabe
        Denver, Colorado     Michael J. Watanabe
                                     United States Magistrate Judge