IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03331-MSK-MJW

ROBERT D. GANDY,

Plaintiff,

v.

JERRY BARBER, Teacher II, Arkansas Valley Correctional Facility, and
RICK MARTINEZ, Programs Manager, Arkansas Valley Correctional Facility,

Defendants.

### ORDER ON
### [MOTION] PETITION FOR LEAVE TO FILE PLAINTIFF'S SECOND AMENDED COMPLAINT (Docket No. 100)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 19) issued by Chief Judge Marcia S. Krieger on April 10, 2013.

Now before the court is plaintiff's [Motion] Petition for Leave to File Plaintiff's Second Amended Complaint (Docket No. 100). The court has carefully considered the subject motion (Docket No. 100), defendants' response (Docket No. 108), and plaintiff's reply (Docket No. 109). In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

Plaintiff's original Prisoner Complaint (Docket No. 1) was filed on December 21, 2012. An Amended Prisoner Complaint (Docket No. 9) was filed on March 4, 2013. The court held a scheduling conference on July 12, 2013. The Scheduling Order

2

(Docket No. 46) set forth an amendment of pleadings deadline of August 19, 2013. Discovery cut-off was set for January 8, 2014. The subject motion (Docket No. 100) was filed on May 2, 2014.

Claim One in plaintiff's Amended Prisoner Complaint (Docket No. 9) alleges defendants violated his rights under the Vienna Convention because telephonic communications between plaintiff and the Canadian Consulate are not treated as privileged.

On May 20, 2013, defendants filed a Motion to Dismiss (Docket No. 25). On August 21, 2013, this court issued a Recommendation (Docket No. 56) recommending that defendants' Motion to Dismiss be granted. After considering plaintiff's objection to this court's Recommendation, Chief Judge Krieger entered an Order (Docket No. 97) on March 31, 2014 dismissing all of plaintiff's claims except for the claims that Defendants Barber and Martinez retaliated against him. Furthermore, Chief Judge Krieger found that the only remedies plaintiff was entitled to seek are declaratory judgment and injunctive relief. As is relevant to the subject motion, Chief Judge Krieger dismissed plaintiff's Claim One concerning privileged telephonic communications with the Canadian Consulate. Specifically, Chief Judge Krieger found that the Vienna Convention is not enforceable by private parties in the United States.

Plaintiff now seeks to amend his Amended Prisoner Complaint (Docket No. 9) to resurrect his privileged telephonic communications claim. This time, however, the claim is brought pursuant to the First, Fourth, and Fourteenth Amendments.

Plaintiff is proceeding pro se. The court, therefore, reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by

attorneys. Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir. 2007). See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint to less stringent standards than formal pleadings drafted by lawyers). However, plaintiff's pro se status does not entitle him to application of different rules. Wells v. Krebs, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

Although the Federal Rules of Civil Procedure provide that a court should grant leave to amend "freely . . . when justice so requires," see Fed. R. Civ. P. 15(a), the court must first determine whether the amendment is within the deadline prescribed by the Scheduling Order. Here, the deadline for amendment of pleadings was August 19, 2013, and plaintiff did not file his motion until May 2, 2014. Thus, the deadline to amend pleadings expired over eight months prior to the date plaintiff filed the subject motion.

Because plaintiff's motion is untimely, plaintiff is first required to show "good cause" under Fed. R. Civ. P. 16(b)(4) for modifying the Scheduling Order. See, e.g., Colo. Visionary Acad. v. Medtronic, Inc., 194 F.R.D. 684, 688 (D. Colo. 2000) (denying an untimely motion to amend solely on the basis of a failure to establish "good cause" within the meaning on Rule 16(b)(4)).

> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the

4

schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001) (citations omitted).  As such, the movant must "show that [he or she was] diligent in attempting to meet the deadline, which means [he or she] must provide an adequate explanation for any delay."  Minter v. Prime Equip. Co., 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).  If the movant fails to show good cause under Rule 16(b)(4), there is no need for the court to move on to the second step of the analysis, i.e., whether the movant satisfied the requirements of Rule 15(a).  Nicastle v. Adams Cnty. Sheriff's Office, No. 10-cv-00816-REB-KMT, 2011 WL 1465586, at *3 (D. Colo. Mar. 14, 2011).[1]

Plaintiff seeks to amend his complaint over eight months after the deadline for amendment of pleadings expired.  The court further notes that on May 14, 2014 defendants filed a Motion for Summary Judgment (Docket No. 106) addressing plaintiff's remaining claims.  In support of the subject motion, plaintiff simply states that he "erroneously failed to make claims and arguments based on the First Amendment."

The court finds that plaintiff has failed to show good cause.  Plaintiff provides no explanation as to why he is seeking his amendment at this late date.  Plaintiff had notice of the possible defect in his Claim One as far back as May 30, 2013 - the date defendants filed their Motion to Dismiss.  Indeed, on August 21, 2013, the day this court

---

[1] It is the practice in this District to utilize the two-step analysis even though the Court of Appeals for the Tenth "[C]ircuit has not yet decided whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' under Rule 16(b)[(4)] in addition to the Rule 15(a) requirement." Strope v. Collins, 315 Fed. Appx. 57, 62 n.4 (10th Cir. 2009) (unpublished decision) (internal quotation omitted).

5

entered its Recommendation, plaintiff had notice of the *possibility* of Claim One being dismissed. Instead of filing the subject motion at such time, plaintiff waited many additional months. Furthermore, plaintiff's only explanation is that he made an error in not including the First Amendment in Claim One and had a good faith belief in the bringing the claim pursuant to the Vienna Convention. Under these circumstances, the court cannot find that plaintiff acted with any diligence. See In re Kirkland, 86 F.3d 724, 175 (10th Cir. 1996) (stating that good cause requires a greater showing than excusable neglect); Granite Southlands Town Center LLC v. Alberta Town Center, LLC, No. 09-cv-00799-ZLW0KLM, 2010 WL 2635524, at *2 (D. Colo. June 8, 2010) (finding plaintiff did not show good cause when relevant information was in its possession "throughout the litigation"); Jorgensen v. Montgomery, No. 06-cv-00853-MSK, 2007 WL 3119549, at *3 (D. Colo. Oct. 19, 2007) (stating that "[c]arelessness is not compatible with a finding of diligence"). Accordingly, the court finds the subject motion should be denied.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that plaintiff's [Motion] Petition for Leave to File Plaintiff's Second Amended Complaint (Docket No. 100) is **DENIED**.


Date: June 12, 2014               s/ Michael J. Watanabe
      Denver, Colorado            Michael J. Watanabe
                                  United States Magistrate Judge