IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 12-cv-03331-MSK-MJW

**ROBERT D. GANDY,**

    Plaintiff,

v.

**JERRY BARBER**, Teacher II, Arkansas Valley Correctional Facility; and
**RICK MARTINEZ**, Programs Manager, Arkansas Valley Correctional Facility,

    Defendants.

## OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** comes before the Court on the Defendants' Motion for Summary Judgment (**#106**), the Plaintiff Robert Gandy's "Objection" (**#107**), and the Defendants' Reply (**#110**).

## ISSUES PRESENTED

Mr. Gandy, an inmate in the custody of the Colorado Department of Corrections ("CDOC"), brings this action, *pro se,* pursuant to 42 U.S.C. § 1983.[1] He asserts that the Defendants transferred him from the Arkansas Valley Correctional Facility (AVCF) to another facility in retaliation for his filing of a grievance against Mr. Barber. The Defendants seek summary judgment on Mr. Gandy's claim on two grounds – 1) that he cannot establish a *prima facie* claim; and 2) even if he can come forward with sufficient evidence to support a *prima facie* claim of a constitutional deprivation, the Defendants are entitled to qualified immunity.

---

[1] The Court is mindful of Mr. Gandy's *pro se* status, and accordingly, reads his pleadings and filings liberally. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594 (1972); *see also Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007).

1

## MATERIAL FACTS

Based upon the evidence submitted by the parties[2], which is either undisputed or construed most favorably to Mr. Gandy for the purpose of this motion, the Court finds the following material facts.

Mr. Gandy was an inmate at AVCF, and was enrolled in a computer programming apprenticeship. Mr. Barber is a teacher at AVCF. On May 16, 2012, Mr. Barber spoke with Mr. Gandy and another inmate with regard to apprenticeships. Mr. Barber stated that the other inmate's apprenticeship was no longer valid. Mr. Gandy questioned this statement, and in response, Mr. Barber allegedly became angry, threatened to terminate Mr. Gandy's apprenticeship, and threatened to have Mr. Gandy transferred from AVCF.

On May 21, 2012, Mr. Gandy filed a grievance complaining of Mr. Barber's conduct. Mr. Martinez, the Programs Manager at AVCF, handled Mr. Gandy's grievance. Mr. Martinez met with Mr. Gandy to discuss the incident, and then met with both Mr. Gandy and Mr. Barber to try to resolve the issue on June 27, 2012. Mr. Martinez reported that the mediation was successful, but on July 9, 2012, Mr. Gandy was laterally transferred from AVCF to another facility where he had substantially the same rights and privileges.

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). Substantive law governs which facts are material and what issues must be determined. It also specifies the elements that

---

[2] Because Mr. Gandy appears *pro se*, the Court treats all of his factual statements as if made by affidavit.

must be proved for a given claim or defense, sets the standard of proof, and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser–Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a prima facie claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, then the movant is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986).

## **ANALYSIS**

The Defendants seek summary judgment on two grounds – that Mr. Gandy cannot come forward with sufficient evidence to establish a *prima facie* case, and that if he sufficient evident to establish a constitutional violation, then they would be entitled to qualified immunity. The two arguments overlap in this case.  To state a prima facie claim for retaliation for exercise of a constitutional right requires Mr. Gandy to come forward with evidence which, construed most favorably to him, is sufficient to prove every element of his claim.  He must also make a *prima*

*facie* showing to prevent application of the doctrine of qualified immunity[3]. Thus, the Court turns to whether Mr. Gandy has come forward with sufficient evidence to make a *prima facie* showing of his claims against Mr. Barber and Mr. Martinez.

A prisoner can seek relief under 42 U.S.C. § 1983 for retaliation by prison employees for the exercise of his constitutional rights. *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990); *see also Fogle v. Pierson*, 435 F.3d 1252, 1264 (10th Cir. 2006). The inmate must show (1) that he/she engaged in a constitutionally protected activity; (2) that each defendant personally participated in[4] an adverse action that caused the inmate an injury and that the action/injury would chill a person of ordinary firmness from continuing to engage in the constitutionally protected activity; (3) that the adverse action was substantially motivated by retaliation; and (4) that "but for" the retaliatory motive the adverse action would not have occurred. *Nielander v. Bd. of Cnty. Comm'rs of Cnty. of Republic, Kan.*, 582 F.3d 1155, 1165 (10th Cir. 2009); *Dodds v. Richardson*, 614 F.3d 1185, 1194 (10th Cir. 2010); *Peterson v. Shanks,* 149 F.3d 1140, 1144 (10th Cir.1998); *Shero v. City of Grove, Okla.*, 510 F3d 1196, 1203(10th Cir 2007).

---

[3] The doctrine of qualified immunity protects government officials who perform discretionary government functions from liability for civil damages and the obligation to defend the action. *See Johnson v. Fankell,* 520 U.S. 911, 914 (1997); *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). *Pearson v. Callahan,* 555 U.S. 223 (2009). When a defendant asserts qualified immunity at the summary judgment stage, the plaintiff to show that: (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established." *Martinez v. Beggs,* 563 F.3d 1082, 1088 (10th Cir. 2009). The plaintiff must make both showings in order to avoid application of qualified immunity.

To show that a defendant's actions deprived him or her of a constitutional or statutory right, a plaintiff must precisely articulate the right that was allegedly violated and specifically identify the defendant's conduct that violated the right. *See e.g. Green v. Post* 574 F.3d 1294,1300 (10th Cir. 2009). To show that the identified right was clearly established at the time of the injury, the plaintiff must demonstrate case law from the Supreme Court or Tenth Circuit that put the defendants on notice that the alleged conduct would be unconstitutional. *See Brosseau v. Haugen,* 543 U.S. 194, 199–200 (2004): *Gomes v. Wood,* 451 F.3d 1122, 1134 (10th Cir. 2006).

[4] The requirement of personal participation is sometimes listed as a separate element of proof. *See Olsen v. Stotts,* 9 F3d 1475, 1477 (10th Cir 1993).

There is no dispute that Mr. Gandy was engaged in constitutionally protected activity when he brought his grievance against Mr. Barber. The allegedly retaliatory adverse action was Mr. Gandy's lateral transfer from AVCF.[5]

**A.  Claim against Mr. Barber**

Mr. Barber argues that Mr. Gandy cannot present evidence sufficient to establish the second element of his claim – that Mr. Barber personally participated in the transfer decision. To show personal participation, Mr. Gandy must show that Mr. Barber had the authority to make the decision to transfer Mr. Gandy to another facility and that he exercised such authority.

Mr. Gandy's sole evidence as to Mr. Barber's participation in the transfer decision is Mr. Barber's threat to have him transferred. Whether Mr. Barber actually made such a threat is disputed. Ms. Willhoite who was Mr. Gandy's apprenticeship supervisor, who was present during the confrontation, and who prepared a written report, stated only that Mr. Barber threatened to remove Mr. Gandy's apprenticeship. However, assuming without deciding, that Mr. Barber threatened to have Mr. Gandy transferred from AVCF, Mr. Gandy offers nothing other than his speculation that Mr. Barber could and did so. There is no evidence that Mr. Barber had authority to effect an inmate transfer, or that he had input into the decision to transfer Mr. Gandy.[6] Because mere speculation is insufficient to prove personal participation, Mr.

---

[5] The Defendants also seek summary judgment on what they perceive to be an additional retaliation claim based on termination of Mr. Gandy's from the apprenticeship program. Construing the Second Amended Complaint liberally, however, the Court does not find such claim. Furthermore, Mr. Gandy has not made any argument or submitted evidence in support of such a claim. The crux of Mr. Gandy's retaliation claim has consistently been that he was transferred from AVCF because he filed a grievance against Mr. Barber. Thus, the Court finds no need to address any claim of retaliation in the form of termination of Mr. Gandy from his apprenticeship.

[6] The only other evidence in the record with regard to this is Mr. Barber's Affidavit in which he states that at the time of the incident, he was employed by the CDOC as a Teacher II, that he supervised the education facility at AVCF, but that he had no authority with regard to the inmate

Gandy cannot establish a *prima facie* claim against Mr. Barber. Accordingly, entry of summary judgment in favor of Mr. Barber is appropriate.

### B. Claim against Mr. Martinez

Mr. Martinez challenges the sufficiency of evidence with regard to both the fourth element and second elements of Mr. Gandy's claim.

As to the fourth element, Mr. Martinez contends that Mr. Gandy cannot establish that his grievance against Mr. Barber was the "but for" cause of his transfer. Mr. Martinez offers another explanation for the transfer – that Mr. Gandy's relationship with his apprenticeship supervisor, Ms. Willhoitte, posed safety and security concerns.[7] However, at this juncture the Court does not weigh the evidence in order to determine the true cause for the transfer. Instead, the question is whether Mr. Gandy has come forward with sufficient evidence, which if considered without anything to the contrary, would be sufficient to prove this element.

The Court finds Mr. Gandy's showing to be sufficient to establish *prima facie* causation. He points to evidence of the close temporal proximity between Mr. Barber's threat, his grievance and his transfer. In addition, he states that he was never told of any security or safety concern, and that had security or safety concerns been the reason for his lateral transfer, such reason would have been recorded on the 550-1A form in compliance with Colorado Department of Corrections Case Management Manual. The timing of the transfer decision relative to the

---

transfers. In addition, he states that he was not involved in the decision to transfer Mr. Gandy. In the absence of evidence to the contrary, Mr. Gandy cannot establish that Mr. Barber personally participated in the decision to transfer him from AVCF.

[7] In his affidavit, Mr. Martinez states that he recommended Mr. Gandy's transfer because of concerns about an inappropriate relationship with between Mr. Gandy and Ms. Willhoitte that he believed could pose a threat to prison safety. He submits an affidavit from another CDOC employee, Karen McGuire. Her affidavit characterizes Mr. Gandy and Ms. Willhoite's relationship as overly friendly. It also states that she shared her concerns with Mr. Martinez and suggested that Mr. Gandy should be removed from Ms. Willhoite's presence.

grievance and the failure to record a safety or security reason transfer documents is, without consideration of any other evidence, sufficient to make a *prima facie* showing of causation.

With regard to the second element of Mr. Gandy's claim, Mr. Martinez contends that Mr. Gandy cannot show that a lateral transfer from one facility to another would chill a prisoner of ordinary firmness from filing future grievances. Mr. Martinez makes two arguments.

First, Mr. Martinez points to evidence that shows that Mr. Gandy was not deterred in bringing grievances at his new location. Assuming, without determining, this to be the case, such evidence is not dispositive. Mr. Gandy's behavior in filing grievances is the not the standard to be applied. Whether a transfer would have a chilling effect on the filing of grievances requires application of an objective, rather than subjective, standard. *See e.g. Eaton v. Meneley*, 379 F.3d 949, 954 (10th Cir. 2004). This means that the Court must focus on how a person of ordinary firmness would react to being transferred, not just how Mr. Gandy reacted. Mr. Martinez does not address application of the objective standard.

Second, Mr. Martinez argues that there can be no compensable constitutional violation because 1) a transfer of a prisoner from one facility to another causes only a *de minimus* injury, so long as the prisoner's privileges at the new institution remain the same; and 2) when there is only a *de minimus* injury, there can be little likelihood that the injury would dissuade a person of ordinary firmness from filing future grievances. For latter proposition, Mr. Martinez relies on *Shero v. City of Grove, Okl.*, 510 F.3d 1196, 1203 (10th Cir. 2007). Although *Shero* does not concern prisons or prison transfers, it clearly recognizes that *de minimus* injuries resulting from retaliation for constitutionally protected conduct would not chill future similar conduct.

The first proposition in Mr. Martinez' argument presents a more difficult question. Does an inmate transfer from one facility to another when there is no change in rights or privileges

7

necessarily result in a *de minimis* injury?  It is true that inmates do not have a constitutional right to being assigned to a particular prison facility; they may be transferred as is appropriate to maintain the security in the prison system.  But it is improper for a prison official to transfer a prisoner in retaliation for exercising his first amendment rights.  *Frazier v. Dubois*, 922 F.2d 560, 561-62 (10th Cir. 1990).

As the Court in *Frazier* recognizes, what injury an inmate suffers upon transfer is a factual question.  Even if an inmate's privileges remain constant between facilities, a transfer can be disruptive in other ways - e.g. loss or delay in receipt of mail (especially legal mail), loss or delay in transfer of personal property, and interruption the ability to participate in or complete rehabilitative programs and treatments.  The nature and degree of injury suffered as a result of a retaliatory transfer will vary from case to case, and it is a plaintiff's burden to come forward with a showing of the injury he suffered.

In deference to Mr. Gandy's pro se status, the Court has searched the record to ascertain the nature of his injury, but found little.  He alleges nothing in his Complaint or Amended Complaint **[#1, #3]**; he makes no argument or showing in Response to the Motion to Summary Judgment **[#107]** or his supportive Affidavit.   At best, the Court can infer that his transfer from AVCF resulted in termination of his participation in the AVCF apprenticeship program.  But without a showing that he was unable to resume a similar program, that he otherwise suffered some skill limitation or educational setback, or there was some other disruption due to the transfer,  the Court finds Mr. Gandy's injury as a result of transfer to be *de minimus*.   As such, there is insufficient evidence to show that Mr. Gandy's transfer would likely dissuade a person of reasonable firmness from filing future grievances, and entry of summary judgment in favor of Mr. Martinez is appropriate.

## **CONCLUSION**

**IT IS HEREBY ORDERED** that the Defendants' Motion for Summary Judgment (**#106**) is **GRANTED**. The Clerk shall enter judgment in favor of the Defendants and against the Plaintiff on all claims and close this case.

Dated this 4th day of December, 2014.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge